B. ARIE, Appellee, v. A. M. BURNSIDE, County Treasurer, et al., Appellants.

TAXATION: Liability of Person—Chattel Mortgages. Chattel property may not be taxed to the mortgagee thereof.
1

PLEADING: Construction—Intermingling of Fact and Conclusion. A pleading will be construed on the basis of the fact allegations therein contained, irrespective of the conclusions interwoven therein. So held where the allegation of "ownership" was manifestly based on the further allegation that the pleader was a chattel mortgage holder.
2

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

FEBRUARY 16, 1918.

ACTION to restrain the collection of certain personal taxes. Opinion states the facts. Decree for the plaintiff in the court below. Defendant appeals.—*Affirmed.*

*F. W. Ganoe,* for appellants.

*Whitaker & Snell,* for appellee.

GAYNOR, J.—This action is brought in two counts, to restrain the collection of certain personal taxes for the years 1912 and 1913, for which it is claimed by the officers of the county that the plaintiff is liable, and the collection of which the said officers were about to enforce against the property of the plaintiff. There are many legal questions discussed in this case, but we think it can be fairly disposed of upon the facts.

1. TAXATION: liability of person: chattel mortgages.

The plaintiff was the owner of a certain store building in the city of Boone, known as 928 Eighth Street. In this building was certain property, consisting of restaurant fixtures and furnishings, tables, chairs, dishes, utensils, and other property usually found in a restaurant. The building was rented by defendant to one Mrs. Moody, on or about March, 1911. At or about the time she rented the building, she also purchased the furniture in the building, heretofore described, and executed back to plaintiff a mortgage for $2,000. This mortgage was dated March 17, 1911. The sale and mortgage included all the property, practically, in the restaurant,—all the property on which the county is now seeking to recover a tax. Mrs. Moody went into possession of the building and this personal property, and used the same for restaurant purposes before and during the year 1912, and, we take it, was in possession of the building and the personal property in the building on the first day of January, 1912. It was thereupon assessed to Mrs. Moody in the regular way for the year 1912, and so stood upon the record, both in the auditor's and the treasurer's office. While the matter stood this way, it seems that the taxes were not paid by Mrs. Moody, and subsequently the treasurer caused to be issued from his office—we assume, regularly—a state-

ment of the tax upon this personal property in the restau-
rant for the year 1912, so assessed as the property of Mrs.
Moody, and placed the same in the hands of the sheriff
for collection, and the sheriff was about to collect it from
the property of the plaintiff. Thereupon, plaintiff brought
an action in the district court to restrain the defendants
from collecting it, and making the sheriff and the treasurer
defendants in said suit. On a hearing had in that suit, a
permanent injunction was entered, restraining the defend-
ants from collecting from the plaintiff or the plaintiff's
property the tax so assessed against the restaurant property
for the year 1912.

It seems that, on that suit, some admissions were made
in the pleading, and some finding by the court, that the
plaintiff was the owner of the property during the year
1912. Thereupon, the treasurer, assuming that the plaintiff
was the owner of said property during the year 1912, and
that it should have been assessed against the plaintiff, as-
sessed said property on his books to the plaintiff as omitted
property; or, in other words, changed the assessment on his
books, as made against Mrs. Moody, to the plaintiff, and as-
sumed to assess it to the plaintiff as omitted property. This
tax was about to be collected from the plaintiff, under this
new assessment, when the action now before us was brought
to restrain the defendants from again attempting to collect
this tax from the plaintiff or his property.

It appears that the taxes on this property were assessed
by the proper officer to Mrs. Moody for the year 1912, and
were so entered upon the books of the auditor and the treas-
urer, against Mrs. Moody. The thought of the treasurer in
assessing the property to the plaintiff as omitted property,
for the year 1912, was that a mistake had been made in as-
sessing it to Mrs. Moody; that it was, in fact, the property
of the plaintiff; that the plaintiff should have returned it
for assessment for the year 1912, and did not; that it was,

therefore, proper to assess it to the plaintiff as omitted property. He accordingly made his entry upon his books against the plaintiff, as hereinbefore set out, by which he undertook to assess the property to the plaintiff as omitted property, for the same amount as it was originally assessed against Mrs. Moody.

It appears that the plaintiff was regularly assessed on his personal property for the year 1912. Whether this property was included in that assessment is left in some doubt from this record, but we may assume that it was not. The fact that it was assessed by the assessor to Mrs. Moody would indicate that it was not the thought of the assessor to assess this property to the plaintiff. We might assume, for the purposes of this case, that, if this property belonged to the plaintiff on the 1st day of January, 1912, he should have returned it for assessment; that it was then properly assessable to him; and that a mistake was made in assessing it to Mrs. Moody: and we may assume for the purposes of this case, that, so far as the plaintiff was concerned, it was omitted property; and that, if it belonged to the plaintiff, it was properly assessed to him as omitted property. But if the property did not belong to this plaintiff at that time,— if, prior to the year 1912, he had sold it to Mrs. Moody, and Mrs. Moody was then the owner of the property, and in possession, the only right the plaintiff had in the property being the equitable right under his mortgage,—then it was not assessable to the plaintiff, and was properly assessable and properly assessed to Mrs. Moody.

This record discloses that plaintiff gave in all the property that he claimed to own at the time he was assessed for the year 1912. We must assume that this mortgage was included in the property assessed to him. That does not affirmatively appear in the record by any distinct affirmation of that fact, but we think it fairly appears in the record that the plaintiff had listed with the assessor all the proper-

ty that he claimed to own that was assessable for the year 1912, and that would include the mortgage upon the property in question. It would follow, therefore, that the tax could not be collected from the plaintiff. He was not the owner of the property at the time it was assessable for the year 1912.

There is no question of bulk sale in this suit.

As to the tax for 1913, it appears that, subsequently to Mrs. Moody's purchase of this property, she sold it to some Japs, whose names do not appear; that they operated the business under the name of the Delmonico Restaurant; that, for the year 1913, the assessor regularly assessed the property to the Delmonico Restaurant. It is the claim of the defendants, as to this 1913 tax, that the property was the property of the plaintiff, in fact; and that, after the assessment made to the Delmonico Restaurant, such proceedings were had as to charge the plaintiff with the payment of this tax, provided the assumption was true that he was the owner of the property.

We are not approving or disapproving the proceedings adopted by the treasurer, but assuming, for the purposes of this case, that all the proceedings were regular, and that, if the plaintiff was the owner of the property for the years 1912 and 1913, he was properly charged with the tax levied against the property, and that proceedings were properly had to so charge him. But in each of these instances, the assessment having been made by the assessor to others than the plaintiff, it cannot be charged as for omitted property for 1912, or, under any theory, for 1913, if it affirmatively appear that he was not the owner of the property at the time the assessment was made, or at the time the subsequent proceedings were had by the treasurer by which it is sought to charge him with the tax. This case, therefore, turns on the question of ownership of the property at the time it was assessable for the taxes for 1912 and 1913.

The facts disclosed by the record are that plaintiff at one time purchased this property and placed it in this building; that, prior to the year 1912, he sold it to Mrs. Moody, taking back a mortgage for $2,000 to secure the purchase price; that this mortgage was duly placed of record; that it never has been paid; that Mrs. Moody, under her purchase, continued to operate a restaurant in this building for some time; that subsequently, she sold the property and the business to some Japs; that the Japs then operated a restaurant for some time, using this property purchased from Mrs. Moody, and then sold it to a lady whose name does not appear in the record; that subsequently, the restaurant business was discontinued, the property was abandoned, the building vacated, and nothing paid upon the mortgage. Thereupon, the property being abandoned, and in the building belonging to the plaintiff, the plaintiff took possession, about September, 1914, and had possession at the time this suit was commenced, and ever since that time, though he never foreclosed the mortgage.

Now these are the facts which this record discloses, and these are the facts upon which the plaintiff relies to defeat the assessment, not as against Mrs. Moody or against the Delmonico Restaurant, but as against him and his property. The county acquired no lien on this property by either of the assessments that took precedence over plaintiff's mortgage, nor did the levy of this assessment for these years against Mrs. Moody and the Delmonico Restaurant create any personal liability on the part of the plaintiff for the payment of these taxes, assessed during a time when he was not the owner of the property. To justify the assessment of this property to the plaintiff, under the theory that it was omitted by the plaintiff, it must affirmatively appear that, at the time it became subject to assessment, and for the years for which it was subject to assessment, he was the owner of the property, and that it was, in fact, omitted from the as-

sessment rolls. It is so axiomatic that it would hardly seem necessary to say that a person cannot, under any theory of the taxing power, be made liable for the tax on property that he does not own at the time it became subject to assessment. So, under this record, we say that it affirmatively appears from the testimony in the record that the plaintiff was not the owner of the property during the years 1912 and 1913; that he, therefore, never became liable to the county for the payment of any taxes, assessed or otherwise, against the property during these years.

2. PLEADING: construction: intermingling of fact and conclusion.

The only testimony which the defendants have offered to rebut this fact, or to avoid the effect of this showing on the part of the plaintiff, is found in the record which was made in the original suit between the plaintiff and the treasurer and the sheriff of this county. In the original suit to which we have adverted, it appeared that the assessment of this property for the year 1912 was regularly made by the assessor against Mrs. Moody, and was so entered upon the books of the county; that, notwithstanding the fact that the assessment was so made, the treasurer, finding himself unable to collect the assessment from Mrs. Moody, sought (we may assume by proper proceedings, if the plaintiff was the owner of the property) to make the plaintiff liable for the assessment. At that time, the entry of the tax had not been changed, and the property had not been re-assessed, as omitted property, to the plaintiff. In that suit, the court found that the plaintiff was not liable for the tax of 1912, so assessed to Mrs. Moody. In the petition, however, that was filed in that suit, that plaintiff alleged that he was the owner of the property in question in September, 1913, and had been the owner for three years; that, during the years 1911 and 1912, one Mrs. Moody operated and conducted a restaurant in said building, under a lease from the plaintiff; that, in conducting and operating

the restaurant, she used the personal property (describing it—being the property now in controversy), but was not the owner of the same; but that the same was held by the plaintiff under a chattel mortgage, made and executed by her and her husband upon said property to secure the purchase price of said personal property; that Mrs. Moody was never the owner of said personal property, and that the plaintiff was, at all times during the years 1911, 1912, and 1913, the absolute owner of said property; that, during the year 1913, Mrs. Moody abandoned said restaurant business, vacated said premises, and relinquished any and all equity, claim, and right to said personal property. The court, in its finding of facts, said that the personal property levied upon, under and by virtue of the tax list issued, was, at the time of such levy, the property of plaintiff in this case, and had been his personal property during the years 1911, 1912, 1913, and 1914; that said property was not subject to taxation as the property of Mrs. Moody; that he had possession of the same during said time; that said personal property is not subject to levy and sale for any tax assessed or levied against the said Mrs. Moody; that said personal property was not subject to levy and sale under said tax list against Mrs. Moody; that said personal property was not liable for the payment of the personal tax against the said Mrs. Moody. This decree was entered in September, 1914. At that time, the plaintiff had possession of the property, and had taken possession of it under his mortgage, though he had not foreclosed his mortgage. It is asserted that these allegations in plaintiff's petition in the original suit, and this finding of the court in the original suit, estop the plaintiff from now saying that the property was not subject to taxation as his property, during the years 1912 and 1913. It will be noted that, in the petition filed, the plaintiff alleged the fact that he was the owner of said property under a chattel mortgage executed by Mrs. Moody and her husband to him. This was

the basis upon which he asserted that he was the owner. This is the substantive fact alleged. His conclusion from this fact—that he was the absolute and unqualified owner, and that Mrs. Moody had no title in the property, and that it was not assessable to Mrs. Moody—is a mere conclusion, and the wrong conclusion, from the ultimate fact urged. The only question involved in that suit, and the only question determined in that suit, was whether or not plaintiff was liable for the tax upon this property for the year 1912. The only part of the record introduced in evidence in this cause that was made upon that former hearing is this petition, and the decree of the court.

There is no evidence that the plaintiff on the first trial gave any other or different evidence than he gave on this trial, touching the ownership of the property during these two years. The allegation of his pleading did not justify the finding of the court that he was the owner of the property, other than as such ownership was deducible from the fact that he held a chattel mortgage on the property. The erroneous conclusion of the court from a fact proven in another suit does not bind the plaintiff in this suit under any theory of estoppel by judgment, especially when the conclusion was not a fact upon which the relief was sought and granted.

The court in this case found for the plaintiff, and that he was not liable for the tax of 1912 and 1913, and entered decree accordingly. Under the facts disclosed in this record, we are satisfied with the conclusion reached by the court, and the judgment is—*Affirmed.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.